UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

____

JESSE EDEN,

              Plaintiff,              Case No. 2:25-cv-110

v.                                          Honorable Hala Y. Jarbou

UNKNOWN SCHORDERLS et al.,

              Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's amended complaint[1] for failure to state a claim as detailed below.

---

[1] Plaintiff originally filed one civil rights action, in which he presented claims about discrete events that occurred at three different correctional facilities in Michigan: the Richard A. Handlon Correctional Facility in Ionia County, the G. Robert Cotton Correctional Facility (JCF) in Jackson County, and the Marquette Branch Prison (MBP) in Marquette County. (*See generally* Compl., ECF No. 1.) In an order entered on May 21, 2025, the Court determined that Plaintiff's claims against the Defendants at the three different correctional facilities were misjoined. (Order, ECF No. 6.) Pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court dropped the

**Discussion**

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The events about which he complains occurred at MBP in Marquette, Michigan. Plaintiff sues the following MBP personnel: Lieutenant Unknown Schorderls,[2] Quartermaster Unknown Party #1 named as "Jon Doe," and Sergeant Unknown Party #2 named as "Jane Doe." (Am. Compl., ECF No. 12, PageID.71.) Plaintiff sues Defendants Schorderls and Sergeant Unknown Party #2 in their official and individual capacities. (*See id.*) Plaintiff sues Defendant Quartermaster Unknown Party #1 in his individual capacity only. (*See id.*)

In Plaintiff's amended complaint, he alleges that on December 11, 2024, while incarcerated at JCF, Plaintiff was informed that he was being transferred "after last call for laundry was announced, so Plaintiff's clothing was already collected to be washed before he was told he would be 'riding out' to another facility."[3] (*Id.*, PageID.77.) Non-party correctional officers at JCF told Plaintiff "that he would see the quartermaster when he got to his destination, and he would be

---

misjoined Defendants from the original case. (*See id.*, PageID.53.) The Court then severed the claims against these Defendants into two new, separate actions. (*See id.*) In the present action, by order entered on June 9, 2025, the Court granted Plaintiff leave to file an amended complaint setting forth claims regarding events that occurred during Plaintiff's incarceration at MBP. (Order, ECF No. 11.) In response, Plaintiff filed an amended complaint (ECF No. 12), which is the operative complaint in this action.

[2] When listing the Defendants named in this action, Plaintiff spells this Defendant's last name as "Schorderls." (Am. Compl., ECF No. 12, PageID.70, 71.) In the body of the amended complaint, Plaintiff spells this Defendant's last name as "Schorderls" and "Schroderls." (*See, e.g.*, *id.*, PageID.79.) Because the majority of the time in the amended complaint Plaintiff spells this Defendant's last name as "Schorderls," in this opinion, the Court identifies this Defendant as Defendant Schorderls.

[3] In this opinion, the Court corrects the spelling, capitalization, and punctuation in quotations from Plaintiff's filings.

provided with new state-issued clothing." (*Id.*) The following day, December 12, 2024, Plaintiff was first transferred to the Chippewa Correctional Facility. (*Id.*) Plaintiff spent the night at that facility, and on December 13, 2024, Plaintiff arrived at MBP. (*Id.*)

Upon arrival at MBP, Plaintiff advised the non-party intake officer "about [Plaintiff's] injured wrist[4] and [about] not having any clean clothing to change into." (*Id.*) On December 14, 2024, and December 15, 2024, Plaintiff informed Defendant Sergeant Unknown Party #2 about Plaintiff "not having any clean clothing or hygiene [items]." (*Id.*) At that time, Defendant Sergeant Unknown Party #2 told Plaintiff "to let her know if he hasn't had clothing or personal property by Monday (12-16-2024)." (*Id.*)

From December 13, 2024, to December 23, 2024, Plaintiff asked unnamed, non-party correctional officers for grievance forms, and "Plaintiff was told that [the] officers were out of grievance forms." (*Id.*) On December 24, 2024, Plaintiff received a grievance form, and he submitted a grievance about his lack of clothing and personal items. (*See id.*, PageID.78.) Additionally, at various, unspecified times, "Plaintiff had multiple [unnamed, non-party] correctional officers send emails to the quartermaster[, Defendant Unknown Party #1]." (*Id.*, PageID.77.) Plaintiff also submitted "multiple quartermaster forms." (*Id.*, PageID.78.)

On December 30, 2024, inmate S. Tomcheck "received his clothing from [the] quartermaster," and Plaintiff and inmate Tomcheck "had both been kiting the quartermaster at the

---

[4] In this action, Plaintiff presents no further facts about his injured wrist, and he does not set forth any claims regarding his injured wrist. (*See generally* Am. Compl., ECF No. 12.) Under these circumstances, the Court does not consider Plaintiff's amended complaint to raise any claims regarding Plaintiff's injured wrist, and if Plaintiff had intended to raise such claims, he would fail to state a claim because he alleges no facts to suggest that Defendants had any knowledge of, or involvement in addressing, Plaintiff's injured wrist.

3

same time and [they] were having the exact same issue since [they] both packed up [at JCF] on laundry day." (*Id.*, PageID.79.)

The next day, December 31, 2024, while Defendant Schorderls was conducting rounds in Plaintiff's unit, Plaintiff told Defendant Schorderls that Plaintiff had been "without clean clothing since riding into [MBP] on 12-13-24." (*Id.*) In response, Defendant Schorderls told Plaintiff to submit "a quartermaster kite." (*Id.*) Plaintiff advised Defendant Schorderls that Plaintiff had already attempted to contact the quartermaster to no avail, and Defendant Schorderls "shrugged his shoulders and just walked off." (*Id.*)

Subsequently, on January 2, 2025, Plaintiff asked Defendant Sergeant Unknown Party #2 and two unnamed, non-party prison counselors "for quartermaster clothing and stated that it had been weeks, 22 days to be exact, that the Plaintiff had been without any clean clothes." (*Id.*) Plaintiff also told unnamed "unit officers that he had been punched and jumped in the bathroom for being accused of not showering," but that Plaintiff "had been showering" and it was his clothing that was "old, soiled, [and] dirty" and omitting a "foul, sour odor." (*Id.*, PageID.79–80.) "The officers then told Plaintiff to fill out a quartermaster kite and bring it back; Plaintiff did as instructed, again for the 5th time in almost 1 month." (*Id.*, PageID.80.)

On January 11, 2025, Plaintiff was interviewed regarding the grievance he had previously submitted about the matter. (*See id.*) "The grievance was dismissed," and "Plaintiff appealed the grievance response." (*Id.*) Plaintiff contends that "his attempts to resolve this situation [were] obstructed," claiming that MBP often dismisses grievances or "they will take too long to pick up the mail and then reject the grievances as 'untimely.'" (*Id.*)

4

Based on the foregoing allegations, Plaintiff avers that Defendants violated his rights under the Eighth Amendment and the Fourteenth Amendment to the United States Constitution. (*See id.*, PageID.75.) Plaintiff seeks monetary damages. (*Id.*, PageID.73, 80.)

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

5

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      A.      **Non-Parties Referenced in the Amended Complaint**

In Plaintiff's amended complaint, he describes the actions of several unnamed, non-parties. (*See, e.g.*, Am. Compl., ECF No. 12, PageID.77 (referencing an unnamed, non-party intake officer and referencing unnamed, non-party "officers"); *see id.*, PageID.79 (referencing unnamed, non-party prison counselors).)

Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). Further, this Court has previously concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations." *Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at *1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of parties" were not parties to the action). Accordingly, any intended claims against the non-party individuals or groups of individuals discussed in the amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, as to Plaintiff's references to "officers" and "prison counselors," "[s]ummary reference to a single, five-headed 'Defendants' [or officers] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). The United States Court of Appeals for the Sixth Circuit "has consistently held

6

that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Here, Plaintiff's general references to "officers" and "prison counselors" are insufficient to show that any individuals, let alone named Defendants, were personally involved in the actions that Plaintiff attributes to these groups of people.

Accordingly, all intended claims against non-parties will be dismissed for failure to state a claim.

    **B.**    **Official Capacity Claims**

Plaintiff sues Defendants Schorderls and Sergeant Unknown Party #2 in their official and individual capacities. (*See* Am. Compl., ECF No. 12, PageID.71.)[5]

A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.

---

[5] Plaintiff sues Defendant Quartermaster Unknown Party #1 in his individual capacity only. (*See* Am. Compl., ECF No. 12, PageID.71.)

*Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). And, regardless, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

Here, Plaintiff seeks monetary damages only. (Am. Compl., ECF No. 12, PageID.73, 80.) However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. *See, e.g.*, *Lapides*, 535 U.S. at 617. Similarly, Plaintiff may not seek monetary damages against Defendants in their official capacities. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983."). Therefore, Plaintiff has failed to state a claim against Defendants in their official capacities upon which relief may be granted, and Plaintiff's official capacity claims against Defendants will be dismissed for failure to state a claim.

### C. Eighth Amendment Claims

Plaintiff brings Eighth Amendment conditions of confinement claims against Defendants, alleging that he did not have "any clean clothing" starting on December 13, 2024, the date on which he arrived at MBP, and that he continued to be without clean clothing for a more than twenty-day period.[6] (Am. Compl., ECF No. 12, PageID.77–80.)

---

[6] In Plaintiff's amended complaint, he does not specify the date on which he received clean clothing at MBP. (*See generally* Am. Compl., ECF No. 12.) Moreover, the Court notes that although Plaintiff initially references being without hygiene items upon arrival at MBP, his later allegations suggest that he informed Defendants that he continued to be without clean clothing for an extended period of time; however, Plaintiff makes no mention of being without hygiene items for an extended period of time. Under these circumstances, the Court does not construe Plaintiff's amended complaint to raise any Eighth Amendment claims *against the named Defendants* regarding his lack of hygiene items. To the extent that Plaintiff intended to raise such claims, he would fail to state a claim because he alleges no facts to suggest that he was without hygiene items for an extended period of time, let alone that he informed Defendants about his lack of these items for an extended period of time.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998).

The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. In order for a prisoner to prevail on an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). Allegations about temporary inconveniences do not show that the conditions of confinement fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)).

9

As relevant to Plaintiff's present claims, "[c]lean clothing, to be sure, is a basic human need." *Fox v. Jenkins*, No. 4:21-cv-12950, 2023 WL 10204608, at *8 (E.D. Mich. Dec. 20, 2023) (citing *Farmer*, 11 U.S. at 832), *R & R adopted*, No. 21-cv-12950, 2024 WL 729216 (E.D. Mich. Feb. 22, 2024), *aff'd*, No. 24-1200, 2025 WL 790919 (6th Cir. Feb. 10, 2025). Courts in this circuit have held that the denial of clean clothing for an extended period, causing harm, may raise an Eighth Amendment claim. *See, e.g.*, *Brown v. Timmerman-Cooper*, No. 2:10-cv-283, 2013 WL 430262, at *2 (S.D. Ohio Feb. 4, 2013) ("Generally, it is the case that, at least for purposes of a money damages claim, in order for any prison condition to be actionable under the Eighth Amendment, an inmate must show that he or she has been actually harmed by the condition in question." (citation omitted)), *R & R adopted*, No. 2:10-cv-283, 2013 WL 1344857 (S.D. Ohio Apr. 2, 2013). However, the Sixth Circuit, as well as this Court, have found that the denial of clean laundry for limited periods of time does not implicate the Eighth Amendment. *See Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000) (concluding that the denial of showers and other personal hygiene items for six days was not actionable under the Eighth Amendment); *Metcalf v. Veita*, No. 97-1691, 1998 WL 476254, at *2 (6th Cir. Aug. 3, 1998) (finding that an eight-day denial of showers, trash removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment); *Pena v. Brown*, No. 2:20-cv-250, 2021 WL 4350124, at *6–7 (W.D. Mich. Sept. 23, 2021) (concluding than a seven-day period in which the prisoner-plaintiff "was required to wash his soiled clothing in the cell sink" did not violate the Eighth Amendment).

In this action, Plaintiff alleges that he informed each of the named Defendants, either in person or via written kites and emails, about his lack of spare clothing/clean clothing during an over twenty-day period at MBP. (*See* Am. Compl., ECF No. 12, PageID.77, 79.) Plaintiff's

allegations suggest that despite Plaintiff informing Defendants of this issue, Defendants did not remedy this issue for a period of time exceeding twenty days. Additionally, Plaintiff's allegations suggest that other inmates "punched and jumped" Plaintiff in the bathroom due to the odor from his clothing because the other inmates thought Plaintiff had not been showering. (*Id.*, PageID.79.)

At this stage of the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to him. The Court notes that Plaintiff does not indicate the specific date on which he received clean clothing at MBP. At a minimum, Plaintiff's allegations suggest that he was without clean clothes for a period of time exceeding twenty days. Although Plaintiff has by no means proven his claims, at this early stage of the proceedings, and based on the facts alleged by Plaintiff in the amended complaint, the Court will not dismiss Plaintiff's Eighth Amendment conditions of confinement claim against Defendants Schorderls, Quartermaster Unknown Party #1, and Sergeant Unknown Party #2 regarding Plaintiff's lack of clean clothing for an over twenty-day period.[7]

### D.     Fourteenth Amendment Claims

#### 1.     Due Process Clause Claims

##### a.     Claims Regarding Use of the Grievance Procedure

The Court construes Plaintiff's amended complaint to bring Fourteenth Amendment due process claims regarding Plaintiff's use of the grievance procedure at MBP. (*See* Am. Compl.,

---

[7] The Court notes that whether the over twenty-day period in which Plaintiff alleges he did not have clean clothing suffices to state an Eighth Amendment claim is a close call. *See, e.g.*, *Fox*, 2023 WL 10204608, at *8–9 (discussing that some courts have found that "even longer deprivations where prisoners could wash their clothing through unconventional means—say by washing their clothing in a sink with soap"—did not violate the Eighth Amendment (citations omitted)). In light of this, the Court determines that this issue would be best resolved at a later stage of the proceedings when Plaintiff will receive an opportunity to respond to Defendants' dispositive motions.

ECF No. 12, PageID.75 (referencing Fourteenth Amendment due process claims).) Specifically, Plaintiff alleges that his use of the grievance procedure at MBP was impeded because his grievance was dismissed, and he contends that MBP often dismisses grievances or "they will take too long to pick up the mail and then reject the grievances as 'untimely.'" (*Id.*, PageID.80.)

As an initial matter, Plaintiff does not allege that any of the named Defendants were involved in the dismissal of his grievance. (*See id.*) And, even setting this issue aside, various courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Thus, because Plaintiff has no liberty interest in the grievance process, any response, or lack thereof, to Plaintiff's grievances did not deprive Plaintiff of due process.

Accordingly, Plaintiff's Fourteenth Amendment due process claims regarding his use of the grievance procedure at MBP will be dismissed for failure to state a claim.

### b.     Claims Regarding Deprivation of Personal Property

Plaintiff alleges that upon arrival at MBP, he was deprived of extra clothing for an extended period of time and personal hygiene items for a limited period of time. (*See generally* Am. Compl., ECF No. 12.) To the extent Plaintiff intended to raise procedural due process claims regarding the deprivation of Plaintiff's property, as explained below, these claims are barred by the doctrine of

12

*Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff fails to allege that his state post-deprivation remedies are inadequate. Plaintiff has available to him numerous state post-deprivation remedies. The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff fails to allege any reasons why a state-court action would not afford him complete relief for the deprivations, either negligent or intentional, of his personal property.

Accordingly, Plaintiff fails to state a Fourteenth Amendment procedural due process claim regarding the deprivation of his property.

### 2. Equal Protection Clause Claims

The Court construes Plaintiff's amended complaint to raise a Fourteenth Amendment equal protection claim, alleging that on December 30, 2024, inmate S. Tomcheck "received his clothing from [the] quartermaster," and Plaintiff and inmate Tomcheck "had both been kiting the

quartermaster at the same time and [they] were having the exact same issue since [they] both packed up [at JCF] on laundry day." (Am. Compl., ECF No. 12, PageID.79.)

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Here, Plaintiff alleges that inmate Tomcheck "received his clothing from [the] quartermaster" on December 30, 2024, before Plaintiff had received his clothing, and Plaintiff and inmate Tomcheck "had both been kiting the quartermaster at the same time and [they] were having the exact same issue since [they] both packed up [at JCF] on laundry day." (Am. Compl., ECF No. 12, PageID.79.)

Although Plaintiff alleges that he and inmate Tomcheck "had both been kiting the quartermaster at the same time and [they] were having the exact same issue since [they] both packed up [at JCF] on laundry day," Plaintiff alleges insufficient facts to show he and inmate

14

Tomcheck were in fact similarly situated and treated differently. (*Id.*) For example, were Plaintiff and inmate Tomcheck held at the same security level and permitted to have the same amount of clothing? Plaintiff also does not indicate the date on which he received his clothing. Was it a few days after inmate Tomcheck received his clothing, or was it longer? Plaintiff must allege *facts* to support his claims, and he has alleged insufficient facts to support his equal protection claim. Instead, his allegations of discriminatory treatment are conclusory, and conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Furthermore, even viewing Plaintiff's equal protection claim as a class-of-one claim, the Court would reach the same conclusion because Plaintiff's equal protection claims are wholly conclusory. And, he has alleged insufficient facts to plausibly show that the other referenced inmate was similarly situated in all relevant respects and treated differently.

Accordingly, for these reasons, any intended Fourteenth Amendment equal protection claims will be dismissed for failure to state a claim.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Having conducted the review required by the PLRA, the Court determines that all of Plaintiff's claims against Defendants Schorderls, Unknown Party #1, and Unknown Party #2 will be dismissed *except for* Plaintiff's

individual capacity Eighth Amendment conditions of confinement claims against Defendants regarding Plaintiff's lack of clean clothing for a more than twenty-day period of time.

An order consistent with this opinion will be entered.

Dated: August 15, 2025                              /s/ Hala Y. Jarbou
                                                    HALA Y. JARBOU
                                                    CHIEF UNITED STATES DISTRICT JUDGE